IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WOLFKILL | ) | CASE NO. 1:10CV2866 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

**Introduction**

Plaintiff, Jason Wolfkill, filed this *pro se* Complaint against defendant City of Cleveland. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §1915(e).

**Standard of Review**

Although pro se pleadings are liberally construed, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Such a complaint may be dismissed *sua sponte,* without prior notice to the plaintiff and without service of process on the defendant.

**Discussion**

Plaintiff alleges that after he robbed a Subway Restaurant, he was chased and tackled by the owner. He managed to escape, but when he saw a police cruiser, he immediately laid on the ground with his feet spread. Police officers exited their car and, with other newly

arrived officers, allegedly beat him by punching him in his sides, kicking him in the head and stomping on his hands. After plaintiff was handcuffed and placed in the cruiser, an officer opened the door and allegedly twice squeezed his testicles. An ambulance was called to the scene because his hands were bleeding. When the blood was cleaned, paramedics sent plaintiff to the police station. He was then taken to the hospital where he was given stitches and pain medication. Plaintiff asserts that he did not receive full medical treatment. When he arrived back at the jail, he was seen by a doctor who found blood in his urine. Plaintiff was convicted of resisting arrest. Since he contends he did not resist the police officers, he believes that the conviction was a result of his breaking free from the restaurant owner. Plaintiff asserts that the City of Cleveland is responsible pursuant to *respondeat superior*. Further, he alleges that the defendant fails to discipline its officers "thereby effectuating excessive force a policy by implication." Compl. pg. 5.

The Sixth Circuit has held that "in order to state a claim against a city under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir. 2001)). Plaintiff merely states that the defendant has a policy of failing to discipline its officers. No other facts are presented. Legal conclusions

alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Further, it is unclear whether plaintiff is referring to the alleged lack of medical care or the use of excessive force or both.

Further, the City of Cleveland cannot be liable on the theory that the police officers were acting on its behalf. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell,* 436 U.S. at 691-95, unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). "Liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1989) (internal quotation omitted). Thus, any claim against the City of Cleveland must fail.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

  **/s/ Patricia A. Gaughan**
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/28/11