IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON WOLFKILL, | ) CASE NO. 1:10CV2866 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) |
| CITY OF CLEVELAND, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendant. | ) |

This matter is before the Court upon Plaintiff Jason Wolfkill's Motion to Amend or Alter Judgment pertaining to the dismissal of his Complaint entered on January 28, 2011. (Doc. 5). For the following reason, the Motion is DENIED.

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 371 (6th Cir. 1998). "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fidelity Invs. Inst'l Servs. Co.,* 326 F.3d 760, 767 (6th Cir. 2003). "Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The court should use its 'informed discretion' in deciding whether to grant or deny a Rule 59(e) motion." *Thomas & Betts Corp. v. Hosea Project Movers, LLC.*, 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005 (*citing Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir.1982). Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either

calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law.*" Davie v. Mitchell*, 291 F. Supp.2d 573, 634 (N.D. Ohio, 2003), a*ff'd* 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 130 S.Ct. 503 (2009).

Plaintiff alleged excessive force was used by Cleveland police officers when arresting him. The City was the only defendant. He now argues that the Court erred in dismissing his case because he is aware of two *pro se* excessive force cases that survived initial review. Plaintiff's Complaint failed to contain the allegations required against the City. Examination of the other cases show that the complaints were sufficient. Plaintiff has not shown an error in law nor has he presented newly discovered evidence. After careful review and consideration of Plaintiff's Motion and brief in support, the Court finds no grounds to support a reconsideration of its Memorandum of Opinion and Order of January 28, 2011 dismissing his action brought under 42 U.S.C. § 1983.

Accordingly, Plaintiff's Motion to Amend or Alter Judgement is DENIED.

IT IS SO ORDERED**.**

**/s/ Patricia A. Gaughan**
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/18/11